UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EDUARD LEYTMAN,

                Plaintiff,

         v.

UNITED STATES OF AMERICA
and DARA A. OLDS,
Assistant United States Attorney,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-1794 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Eduard Leytman filed this *pro se* action on March 23, 2018, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Plaintiff has paid the filing fee to bring this action. For the reasons discussed below, Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Regardless of whether a plaintiff

has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

This is Plaintiff's second action filed in this Court pursuant to the FTCA in recent months. On July 28, 2017, Plaintiff filed an action against the Transportation Security Administration ("TSA") under the FTCA alleging that on February 1, 2017, he was assaulted by a TSA agent at JFK Airport. *Leytman v. TSA*, 17-CV-4455 (WFK). On March 27, 2018, Assistant United States Attorney, Dara A. Olds ("AUSA Olds"), representing the TSA, filed a motion to dismiss that complaint pursuant to Fed. R. Civ. P. 12(b)(1). 17-CV-4455, ECF No. 16.

In the instant action, Plaintiff names the United States and AUSA Olds as defendants, alleging

> [o]n 3/27/16 while boarding a plane in Moscow Sheremetyevo Airport for a flight back to JFK I was picked out of a line upon a passport presentation and subjected to an additional search based on the written request from TSA. During that flight the air marshal on the plane (most likely the one who handed a letter with my name to a Russian security personnel) send me a text message of terroristic nature disguised as if it were from Facebook about an explosion at the place where I live or was supposed to be. I contacted TSA/DHS in regard [to] the incident and I was provided with a redress number with an assurance that it will resolve problems in the future. But in fact it worked against me helping to identify me as a potential suspect for reasons that are still completely unknown to me. I air traveled 3 times after that (and before 2/1/17) and each time encountered disturbing harassments related to my flights.

Compl. at 3, ECF No. 1. Plaintiff states that he filed a tort claim with TSA, "which is still under review as of today." *Id.* Plaintiff seeks $5 million "in emotional and psychological damages." *Id.*

## DISCUSSION

<u>The Federal Tort Claims Act</u>

The FTCA waives sovereign immunity[1] and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In order to bring a claim in federal district court pursuant to the FTCA, a plaintiff must first exhaust his administrative remedies by filing a tort claim with the federal agency, in this case, the TSA, *see* 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), and he must name the United States as the defendant.[2]

Here, Plaintiff states that he filed a tort claim with TSA, "which is still under review as of today." Compl. at 3. Thus, it appears that he has not exhausted his administrative remedies

---

[1] Generally, "[i]n any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999). "[S]overeign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Sovereign immunity also applies to claims against federal government officials acting in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Sovereign immunity may be waived only if the government consents to suit. *Presidential Gardens Assocs.*, 175 F.3d at 140. "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

[2] The FTCA further provides:
> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

3

within the agency related to the alleged events herein, and has not received a final agency decision.[3]

Claims Against AUSA Olds

Plaintiff also lists AUSA Olds as a defendant in this action, but does not allege any facts in the body of the complaint to support a claim against her. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. *Iqbal*, 129 S.Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (citations and internal quotation marks omitted)).

Moreover, Plaintiff is advised that AUSA Olds is likely entitled to prosecutorial immunity with respect to any potential claims relating to her role as Assistant United States Attorney in plaintiff's other pending action. "Prosecutors have absolute immunity from suits challenging actions they take within the scope of their duties." *Purcell v. Bureau of Alcohol, Tobacco, & Firearms*, 17-CV-2742, 2017 WL 3700894, at *3 (E.D.N.Y. Aug. 25, 2017) (Chen, J.) (citing *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006)). *See also Barrett v. United States*,

---

[3] The Court notes that in Plaintiff's other pending action, he did receive a final agency decision from the TSA in relation to the alleged February 1, 2017 incident. *See* 17-CV-4455, ECF No. 1 at 4.

798 F.2d 565, 571-72 (2d Cir. 1986) ("The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation.").

## CONCLUSION

Accordingly, Plaintiff is given 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should Plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support his claims against each named defendant. Plaintiff must identify the defendants in both the caption and the body of the amended complaint and he must also provide the dates and locations for each relevant event. If Plaintiff asserts a claim under the FTCA, he must name the United States as a defendant and provide information about any efforts to exhaust his administrative remedies, such as a copy of his tort claim filed with the agency and any correspondence from the agency sent to him regarding his tort claim.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                              s/WFK
                HON. WILLIAM F. KUNTZ, II
                UNITED STATES DISTRICT JUDGE

Dated: April 10, 2018
       Brooklyn, New York