

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

**VIA ECF**                                                      July 10, 2018

Honorable William F. Kuntz II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    **Eduard Leytman v. United States**
               **Case No.: 18-CV-1794 (Kuntz, J.) (Bloom, M.J.)**

Dear Judge Kuntz:

       This Office represents the United States of America, defendant in this lawsuit brought by *pro se* Plaintiff Eduard Leytman ("Plaintiff"). In light of the failings outlined below, this Office submits that the Court should *sua sponte* dismiss Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In the alternative, in accordance with Your Honor's individual rules, we write respectfully to request a pre-motion conference concerning the government's proposed motion to dismiss Plaintiff's lawsuit pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or the opportunity to submit a proposed briefing schedule.

    **A. Background**

       Plaintiff filed a Complaint on March 23, 2018. Dkt. No. 1. On April 16, 2018, this Court *sua sponte* dismissed the Complaint and granted Plaintiff thirty (30) days to file an Amended Complaint. *See* Dkt. No. 6. On April 30, 2018, Plaintiff filed an Amended Complaint, alleging improper conduct by several people, including TSA employees. *See* Dkt. No. 7, Amended Complaint ("Am. Compl.").

       Plaintiff claims that, on March 27, 2016, as he attempted to board a flight from Moscow to John F. Kennedy Airport ("JFK") in New York, he was subjected to extra security screening by Russian airport security officials as a result of a written request from TSA asking that he be screened in such a manner. Am. Compl., ¶ 1. Plaintiff alleges he then boarded the plane and, while in flight, an unidentified Federal Air Marshal sent a text message to Plaintiff's cell phone. *Id.* at ¶ 2. Plaintiff claims that the text message referred to an unspecified explosion and was "disguised as if it were from Facebook."[1] *Id.* Plaintiff alleges that in the months following the

---

[1] On March 27, 2016, the day of Plaintiff's flight, many individuals worldwide received a message from Facebook in response to a deadly terrorist attack that had occurred the same day in Lahore, Pakistan. As a result of a "bug" in Facebook's Safety Check program, the message was sent to many people who were nowhere in the vicinity of Lahore. Facebook later apologized for this error. *See* https://www.usatoday.com/story/tech/2016/03/28/facebook-apologizes-safety-check-error-

flight from Moscow to JFK, he experienced "disturbing harassments" related to three additional flights. *Id.*, ¶ 4. Plaintiff does not articulate any facts concerning those three incidents.

Plaintiff further alleges that on April 16, 2018, a TSA screener subjected him to a "groin search" at JFK as he attempted to board a flight to Punta Cana, Dominican Republic. *Id.*, ¶ 8. He also claims that on April 26, 2018, as he attempted to board a return flight in Punta Cana, a screening agent, "officer Morrales," said that Plaintiff was "in trouble" and would not be allowed to leave the Dominican Republic, but then said he was joking. *Id.* Plaintiff alleges that stress from this incident in Punta Cana caused the vision in one of his eyes to deteriorate. *Id.* He requests twenty-five million dollars in damages. *Id.*, ¶ 4.

**B. Argument**

Plaintiff brings his claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, which waives the sovereign immunity of the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). However, the FTCA also provides a list of exceptions in which the statute's limited waiver of sovereign immunity does not apply; if a claim falls within one of those exceptions, district courts lack subject matter jurisdiction over the claim. *See Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir. 1978). Specifically, the FTCA does not waive the government's sovereign immunity for claims arising out of the intentional torts of assault or battery. And while 28 U.S.C. § 2680(h) states that the intentional tort exception does not apply to the "acts or omissions of investigative or law enforcement officers," TSA screeners are not law enforcement officers for purposes of the FTCA. *See, e.g., Walcott v. United States*, 13-CV-3303 (E.D.N.Y. October 18, 2013) (Gleeson, J.) 2013 WL 5708044 (finding that TSA screeners do not seize evidence or make arrests and are not law enforcement officers). Thus, insofar as Plaintiff's claim arises from the alleged unlawful intentional conduct of TSA screeners, that conduct is subject to the intentional tort exception and cannot serve as the basis for a cause of action. Accordingly, the Court lacks jurisdiction over Plaintiff's claims relating to an alleged groin search at JFK on April 26, 2018.[2]

Further, the FTCA provides that the government retains sovereign immunity regarding "any claim arising in a foreign country." 28 U.S.C. § 2680(k). Indeed, "the FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa v. Alvarez-Manchain*, 542 U.S. 692, 712 (2004). For this reason, there is no jurisdiction over Plaintiff's claims involving a security search at a Russian airport or his claim that he was detained in the Dominican Republic.

To the extent the Court construes the Amended Complaint as asserting a constitutional claim against the government, dismissal would still be appropriate because suits alleging constitutional violations against the United States are barred by sovereign immunity. *Fed. Deposit*

---

after-lahore-bombing/82338260/

[2] The Court also lacks jurisdiction over any claim arising out of the April 26, 2018 search because Plaintiff has not filed an administrative claim with TSA concerning that incident. *See* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

*Ins. Corp. v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding that the United States has not waived sovereign immunity for suits against federal agencies for a constitutional violation against an individual).

Plaintiff's claims stemming from alleged harassment relating to three unidentified flights must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose is to provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's non-specific allegations concerning three air travel events are devoid of information about the factual basis for Plaintiff's accusation, including where the events occurred, the conduct complained of, and who was involved. This conclusory allegation, thus, fails to state a claim.

Equally, Plaintiff's failure to describe when he received the text message or where he was at the time of receipt makes it impossible to ascertain what legal framework ought to govern any resulting claims. Plaintiff alleges that he was aboard an international flight when he received the text message. If Plaintiff was outside of the United States when he received the text message, this claim is barred by 28 U.S.C. § 2680(k). Even if Plaintiff received the text message upon his arrival in New York and is attempting to assert a claim of intentional infliction of emotional distress, such a claim would still fail. New York requires that the distressing conduct be, "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency..." *Rother v. NYS Dep't of Corr. & Cmty. Supervision*, 970 F. Supp. 2d 78, 104 (N.D.N.Y. 2013) (internal quotation marks omitted). The text message falls far short of the "sufficiently outrageous" standard.

Because the allegations in the Amended Complaint do not give rise to a cause of action against the government, the government requests that the Court *sua sponte* dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In the alternative, the government requests a pre-motion conference at a time convenient for the Court or the opportunity to submit a proposed briefing schedule.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    UNITED STATES ATTORNEY

By:   s/ Dara A. Olds
    DARA A. OLDS
    Assistant United States Attorney
    (718) 254-6148
    dara.olds@usdoj.gov

cc:   Eduard Leytman, *pro se plaintiff*
     2101 Bay Ridge Pkwy #5E
     Brooklyn, NY 11204
     edlate@hotmail.com