UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eduard Leytman, <br><br> Plaintiff, <br><br> v. <br><br> United States of America et al., <br><br> Defendants. | MEMORANDUM & ORDER <br><br> No. 1:18-cv-1794 |

NINA R. MORRISON, United States District Judge:

Eduard Leytman ("Plaintiff"), proceeding *pro se*, brings this action against the United States (the "United States" or "Defendant") for alleged violations of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 – 80, and the Freedom of Information Act, 5 U.S.C. § 552. In November 2019, this Court (Hon. William F. Kuntz) granted the Defendant's Motion to Dismiss for lack of Jurisdiction (ECF No. 14), dismissing Plaintiff's FTCA claim with prejudice on November 7, 2019. Decision and Order, ECF No. 18. Plaintiff appealed, and in October 2020, the United States Court of Appeals for the Second Circuit vacated the Court's judgment and remanded the matter for proceedings consistent with its summary order. (Summary Order, October 28, 2020, ECF No. 21.) Specifically, the Second Circuit instructed this Court to dismiss Plaintiff's claims without prejudice.

As directed by the Second Circuit, for the reasons set forth below,

Defendant's Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND & PROCEDURAL HISTORY[1]

On March 23, 2018, Plaintiff filed a complaint (ECF No. 1) alleging that he experienced repeated instances of harassment by Transportation Security Agency ("TSA") personnel while traveling to and from Russia in 2016 and 2017. ECF No. 1 at 3. Plaintiff additionally alleged that he made a request under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, to the TSA that "came up with nothing" other than copies of Plaintiff's requests for information. ECF No. 1 at 3. As Defendants, Plaintiff named the United States and Assistant United States Attorney, Dara A. Olds, who represented the TSA on behalf of the Government in a related case. *See Leytman v. TSA*, 17-cv-4455. Plaintiff sought monetary damages for emotional injuries. Pursuant to *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), the Court granted Plaintiff thirty days to file an amended complaint to remedy several deficiencies in the original complaint. Memorandum and Order dated April 16, 2018, ECF No. 6.

On April 30, 2018, Plaintiff filed an Amended Complaint (the "Amended Complaint," ECF No. 7) naming only the United States as a Defendant. In the Amended Complaint, Plaintiff provides further detail concerning alleged

---

[1] The following facts are taken from the Amended Complaint (ECF No. 7) and are accepted as true for the purposes of deciding this motion.

harassment by TSA employees and reiterates his claim concerning the TSA's failure to identify or produce documents responsive to his FOIA request apart from Plaintiff's own filings. ECF No. 7 at 3. Plaintiff again seeks only monetary damages. ECF No. 7 at 4.

Defendant moved to dismiss the Amended Complaint for lack of subject matter jurisdiction on October 5, 2018. ECF No. 14-1 (the "Motion to Dismiss" or the "Motion"). In a Decision and Order issued on November 7, 2019, the Court granted Defendant's Motion with prejudice on two grounds. First, the Court held that Plaintiff failed to exhaust administrative remedies, as required by the FTCA, with respect to most of the alleged misconduct by TSA employees. ECF No. 18 at 4–5. Second, the Court found that the properly exhausted FTCA claims were impermissibly based on "injury suffered in a foreign country." ECF No. 18 at 6 quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 (2004).

Neither the Government's Motion, ECF No. 14-1, nor the Court's Decision and Order granting the Motion, ECF No. 18, addressed Plaintiff's FOIA claim.

On appeal, the United States Court of Appeals for the Second Circuit vacated the District Court's decision. ECF No. 21. The Second Circuit found that while the District Court correctly determined that it lacked federal subject matter jurisdiction because "most of Leytman's FTCA claims [are] unexhausted and the remaining claims [] fall[] within the FTCA's foreign-

country exception", the District Court incorrectly dismissed the FTCA claims with prejudice. ECF No. 21 at 3–4. The Second Circuit also observed that "Leytman twice complained that TSA violated FOIA by failing to fully disclose requested materials" but that the District Court had not addressed Plaintiff's FOIA claim in its 2019 order of dismissal; it thereby directed the District Court to address Leytman's FOIA claim on remand. ECF No. 21 at 5.

The Second Circuit's mandate issued on December 30, 2020. ECF No. 22. On October 17, 2022, the case was reassigned to this Court, along with Plaintiff's related case against the TSA arising from the same set of facts, in which discovery and motion practice is presently ongoing. *See Leytman v. TSA*, No. 17-cv-4455.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the district court must (1) accept as true all the plaintiff's factual allegations and (2) draw all reasonable inferences in the plaintiff's favor. *See Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). A complaint must, however, plead "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

As confirmed by the Second Circuit in its October 28, 2020 Summary Order (the "Summary Order"), this Court lacks subject matter jurisdiction over all of the FTCA claims in the Amended Complaint because most of the claims are unexhausted and the remainder "fall[] within the FTCA's foreign-country exception." *See Leytman v. United States*, 832 F. App'x 720, 721 (2d Cir. 2020). Accordingly, the FTCA claims are dismissed without prejudice for the reasons stated in the Summary Order (rather than with prejudice, as the District Court

did in its original 2019 order of dismissal). *Id.* at 722 (noting that claims dismissed for lack of federal subject matter jurisdiction may only be dismissed without prejudice).

The Court next turns to Plaintiff's only remaining claim: his contention that records relating to the incident giving rise to his lawsuit were improperly withheld from him under FOIA. The Court concludes that this claim, too, must be dismissed without prejudice. Before seeking relief in federal court under FOIA, a requestor must exhaust her administrative remedies. First, "[t]he requester must make a request to the appropriate agency. *See* 5 U.S.C. § 552(a)(6)(A)(i). If the initial request is denied, the requester must appeal the adverse decision to the head of the agency from which the requester is seeking information. *See* 5 U.S.C. § 552(a)(6)(A)(ii)." *Thomas v. Off. of U.S. Att'y for E. Dist. of New York*, 171 F.R.D. 53, 55 (E.D.N.Y. 1997). A federal district court only has subject matter jurisdiction over an aggrieved requester's claim after the requester has made an initial request to the agency *and* appealed the initial request's denial. *See id.*; *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) ("Exhaustion of administrative remedies is normally required as a precondition to suit under the FOIA, unless waived by a party or the Court). The Amended Complaint alleges that Plaintiff made an initial request for documents under FOIA to the TSA but does not indicate that Plaintiff

appealed the results of his initial request.[2] *See* ECF No. 7 at 3. Because the Amended Complaint does not establish that Plaintiff exhausted all of his available administrative remedies before filing suit, and in the absence of any waiver of exhaustion by the TSA, the FOIA claim must be dismissed for lack of subject matter jurisdiction. *See Thomas*, 171 F.R.D. at 55.

Although the following observations are not necessary to the instant dismissal because the lack of exhaustion is dispositive, the Court further notes that a FOIA claim must generally be brought against the agency that allegedly improperly withheld its records. *See Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) ("As noted by the Supreme Court, under FOIA, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records... Only when each of these criteria is met may a district court force an agency to comply with the FOIA's disclosure requirements") (internal quotations omitted). Indeed, the Act only gives district courts "jurisdiction to enjoin the *agency* from withholding agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B) (emphasis added). Here, Leytman sued the United States of America rather than the TSA, the agency allegedly withholding the records

---

[2] As pled, it is not clear whether the TSA denied Plaintiff's request (*i.e.,* issued a determination that it has additional records responsive to Plaintiff's request but is legally entitled to withhold them from Plaintiff or whether the TSA indicated it has no additional responsive records).

that he seeks. Additionally, the Court observes that the Act does not provide district courts with the authority to award a plaintiff monetary damages resulting from a violation of FOIA, as requested here (*see* ECF No. 7 at 4), but instead authorizes district courts to enjoin or compel agency action. *See id.*

Accordingly, Plaintiff's Amended Complaint, ECF No. 7, is hereby dismissed without prejudice.

SO ORDERED.

   */s/ NRM*
NINA R. MORRISON
United States District Judge

Dated: February 3, 2024

    Brooklyn, New York