UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Eduard Leytman,

            Plaintiff,

    v.

United States of America,

            Defendant.

18-cv-01794 (NRM) (LMMH)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge:

Plaintiff Eduard Leytman filed a motion for reconsideration (the "Motion"), ECF No. 26, in connection with the Court's dismissal of the Amended Complaint. *See* Order Granting Mot. to Dismiss (Feb. 8, 2024) ("MTD Order"), ECF No. 25. For the reasons that follow, the Motion is denied.

## BACKGROUND

Plaintiff has filed two letters seeking reconsideration of the dismissal of his claims without prejudice.[1] In the Amended Complaint, Plaintiff alleged that he experienced repeated instances of harassment by the Transportation Security Administration ("TSA") and sought remedies for these claims under the Federal Tort Claims Act ("FTCA"). Am. Compl. 3, ECF No. 7. He further alleged that he submitted

---

[1] Plaintiff's first letter asks for reconsideration on his FTCA and FOIA claims. Letter Motion for Reconsideration ("Mot."), ECF No. 26. Plaintiff's second letter asks the Court to refer and respond to the first letter. Second Motion for Reconsideration, ECF No. 27. The Court will refer to these requests collectively as "the Motion" or "the Motion for Reconsideration" since they are directed to the same order and seek the same relief.

a request to the TSA for all records relating to him under the Freedom of Information Act ("FOIA") but received in return only copies of his original request. *Id.*

In November 2019, the District Court (Hon. William F. Kuntz) dismissed the Amended Complaint with prejudice, concluding that the Court lacked subject matter jurisdiction over Plaintiff's FTCA claim because (1) Plaintiff had failed to exhaust his administrative remedies for most of the conduct alleged, and (2) those claims as to which Plaintiff did appear to have exhausted his remedies were impermissibly based on conduct occurring in Russia, which is not covered by the FTCA. *See* Decision & Order (Nov. 8, 2019) 4–6, ECF No. 18. The Second Circuit affirmed both of these legal conclusions, finding that "most of Leytman's FTCA claims [were] unexhausted and the remaining claims," which arose from Leytman's travel to Russia, fell "within the FTCA's foreign-country exception." Order of USCA (Oct. 28, 2020) 3, ECF No. 21. However, because Article III empowers district courts only to dismiss cases for lack of subject matter jurisdiction without prejudice, the Second Circuit vacated the portion of Judge Kuntz's order dismissing the FTCA claims with prejudice; the Court also instructed the district court, on remand, to address Plaintiff's FOIA claim. *Id.* at 5.

On remand, the case was administratively reassigned to this Court. On February 8, 2024, the Court reaffirmed the dismissal of Plaintiff's FTCA claims as barred by the foreign-country exception and dismissed those claims without prejudice; it also dismissed Plaintiff's FOIA claim for lack of subject matter

jurisdiction because Plaintiff did "not establish that [he] exhausted all of his available remedies before filing suit." MTD Order at 7.

In the instant Motion, Plaintiff first argues that his FTCA claim should not have been dismissed because the alleged instances of harassment took place not only while traveling internationally to Russia, as Plaintiff had alleged in the Amended Complaint, but also while traveling to other countries and domestically. Mot. at 1. Plaintiff stated that he "did not exhaust all remedies in regard to other episodes," which the Court understands to refer to all instances of harassment other than the harassment that occurred during his travel to Russia that is described in the Amended Complaint. *Id.* He further specifies that the instances of harassment that he failed to exhaust before filing suit include the episodes that "occurred on American soil." *Id.*

Plaintiff argues that the Court should revisit its decision dismissing his FTCA claim for the additional reason that a "new outrageous fact that qualitatively changes a view of the matter" has emerged and "warrants" *de novo* review. *Id.* Citing a letter that Plaintiff filed in a different matter, Plaintiff writes that he has now learned "how exactly TSA was enabled to identify and target him." *See* Ltr. (Apr. 13, 2023), *Leytman v. TSA*, 17-cv-4455, ECF No. 125. Plaintiff reports that he was provided with an incorrect redress number from the Department of Homeland Security that caused him to be flagged when he checked in for a flight at the John F. Kennedy airport. *Id.* Additionally, in the Motion, Plaintiff asks the Court to "compel the

defendant to respond to the alleged fact of intentionally providing me with an incorrect redress number." Mot. at 1.

With respect to Plaintiff's FOIA claim, Plaintiff alleges that in its 2024 MTD Order, the Court improperly assumed that Plaintiff failed to exhaust all available remedies before filing the claim. Mot. at 1. Plaintiff alleges that he exhausted his remedies twice, "initially by default because the agency failed to timely respond to [his] request as alluded to in [the Complaint] and later [when he] received the final formal denial." *Id.* Although Plaintiff cites the Amended Complaint for support, the Complaint does not state that TSA failed to timely respond to his FOIA request. Am. Compl. at 3. Instead, the Amended Complaint states only that Plaintiff's FOIA request to TSA "came up with nothing," and that TSA "[e]ssentially mock[ed] FOIA" by sending Plaintiff copies of his FOIA requests and "swearing that that's all" TSA has or can release. *Id.*

## STANDARD OF REVIEW

The Court construes Plaintiff's Motion as an application pursuant to Rule 59(e), or alternatively Rule 60(b), of the Federal Rules of Civil Procedure. "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *L.I. Head Start Child Dev. Servs., Inc. v. Kearse,* 96 F. Supp. 2d 209, 211 (E.D.N.Y. 2000) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256–57

57 (2d Cir. 1995)). A motion for reconsideration is not a "vehicle for relitigating issues already decided by the Court," and it "may not be used to advance new facts, issues or arguments not previously presented to the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

## **DISCUSSION**

Upon careful review of the record, the Court finds that Plaintiff has not identified any controlling authority or factual matters that the Court may have overlooked and that would alter the conclusion reached by this Court in its February 8, 2024 Order dismissing the Amended Complaint.

### I.     **FTCA Claim**

In the Motion, Plaintiff asks the Court to reconsider the dismissal of the FTCA claim on the ground that Plaintiff was harassed by TSA not only when he traveled to Russia, as he alleged in the Amended Complaint, but also on other international and domestic trips. Mot. at 1. These arguments do not entitle Plaintiff to relief from the dismissal under Rule 59(e) or Rule 60(b) for two reasons.

First, Plaintiff's argument turns on new facts which Plaintiff has raised the first time in the Motion to reconsider and are not properly before the Court. *See Davidson*, 172 F. Supp. 2d at 461 (noting that a motion to reconsider "may not be used to advance new facts . . . not previously presented to the Court"). Second, even if Plaintiff had included these allegations in the Amended Complaint, the result would be no different. The only administrative remedies Plaintiff claims to have exhausted are those relating to the alleged instances of harassment that arose from his travel to Russia, as described in the Amended Complaint. Mot. at 1. But earlier

in this case, the District Court determined that those instances of harassment cannot support an FTCA claim because they are impermissibly based on "injury suffered in a foreign country," and the Second Circuit affirmed that portion of Judge Kuntz's ruling. Decision & Order (Nov. 8, 2019) at 6; quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 (2004); Order of USCA (Oct. 28, 2020) at 4 (affirming district court's dismissal of FTCA claims as barred by the foreign-country exception). On remand, this Court reaffirmed that holding yet again and dismissed the claims barred by the foreign-country exception without prejudice, as is required in all cases where the dismissal is premised on lack of subject matter jurisdiction. MTD Order at 5–6.

Because Plaintiff has not provided any other reason for the Court to reconsider its dismissal of the FTCA claims and this Court finds that it correctly determined that it lacks subject matter jurisdiction over the FTCA claims as pled in the Amended Complaint, the Motion seeking reconsideration of the dismissal of Plaintiff's FTCA claims are denied.

## II. FOIA Claim

Plaintiff has not shown that he is entitled to reconsideration of this Court's dismissal of his FOIA claim. He provides no arguments or assertions of fact overlooked by this Court when it dismissed the FOIA claim as unexhausted based on the facts as alleged in the Amended Complaint. In the Amended Complaint, Plaintiff alleges only that he requested records from the TSA under FOIA, that FOIA's response was unsatisfactory (TSA "came up with nothing"), that TSA mocked FOIA by sending Plaintiff back a copy of his request for information, with nothing more,

and by "swearing that's all what they have (or can release?)." Am. Compl. at 3. As pleaded in the Amended Complaint and as described in the Motion, even considering the new facts Plaintiff raises for the first time in the Motion, Plaintiff has failed to establish that he exhausted his administrative remedies under FOIA as required before filing suit.

Before seeking FOIA relief in federal court, the requester must make a request to the appropriate agency and the agency must reply within 20 days of receipt ("excepting Saturdays, Sundays, and legal public holidays"). *See* 5 U.S.C. § 552(a)(6)(A)(i). If the initial request is denied, the requester must appeal the adverse decision to the head of the agency from which the requester is seeking information, and the agency again has twenty days to respond after receipt ("excepting Saturdays, Sundays, and legal public holidays"). *See* 5 U.S.C. § 552(a)(6)(A)(ii); *Thomas v. Off. of U.S. Att'y for E. Dist. of N.Y.*, 171 F.R.D. 53, 55 (E.D.N.Y. 1997). The requestor must submit their appeal within 90 days from the date of the response letter. *What if I am not satisfied with the results of a FOIA request?*, Transportation Security Administration, https://www.tsa.gov/travel/frequently-asked-questions/what-if-i-am-not-satisfied-results-foia-request (last visited Sept. 24, 2024). If the requestor goes through this process, they have exhausted their remedies, and the district court has jurisdiction over the claim. *Thomas*, 171 F.R.D. at 55. The requestor is also "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

In the Motion, Plaintiff introduces the new fact that when he requested information under FOIA from the TSA, "the agency failed to timely respond to [his] request." Mot. at 1. This allegation is not properly before the Court because it appears for the first time in the Motion. And even if this Court were to consider it, Plaintiff's allegation still falls short of establishing exhaustion because it is conclusory. Plaintiff summarily states only that he exhausted his administrative remedies because the TSA "failed to timely respond" and "later [he] received the final formal denial as well." Mot. at 1. Plaintiff does not allege that the TSA failed to make any response to his request within twenty days of receipt, as required to state a claim under the statute, nor does he allege that he appealed the formal denial that he received before filing suit. Though courts should "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted), courts "cannot invent factual allegations that [a pro se plaintiff] has not pled." *Holland v. City of New York,* 197 F. Supp. 3d 529, 537 (S.D.N.Y. 2016) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Even interpreted liberally, the Motion does not contain facts from which the Court can conclude that Plaintiff exhausted his administrative remedies under FOIA. Therefore, the FOIA claim is dismissed and the Motion seeking reconsideration of the MTD Order is denied.

The Court notes that nothing in this order precludes Plaintiff from submitting a new FOIA request to the TSA. If Plaintiff does not obtain the information he seeks

as a result of that request, and concludes that the TSA is unlawfully withholding information he requested, he can follow the steps for exhaustion outlined above, under 5 U.S.C. § 552(a)(6).  *See* 5 U.S.C. § 552(a)(4)(B) (noting that a FOIA claim must generally be brought against the agency that allegedly withheld records because the Act only gives district courts "jurisdiction to enjoin the *agency* from withholding agency records . . . improperly withheld from the complainant" (emphasis added)).  But nothing in Plaintiff's Motion meets his burden of showing that this Court erred when it held that he had not exhausted his administrative remedies prior to filing the FOIA claim in the instant lawsuit and therefore could not proceed with the claim in federal court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to reconsider the Court's Order dismissing for lack of jurisdiction dated February 8, 2024 is denied, and the action is dismissed without prejudice for the reasons set forth in the MTD Order.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

/s/NRM
NINA R. MORRISON
United States District Judge

Dated:  September 30, 2024
       Brooklyn, New York